# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA DEFURIO, MARGARET )
DENNIS, ANITA KORNOSKY, MARCIA )
MENZIES, JEENIE NICKOLLS, CAROLE )
SARBER FLORENCE STAHURSKI, NANCY)
STANICH, DEBORAH SWIECH, KAREN )
WILDING, ADELE WINWOOD, BARBARA )
ZEHNDER, and J.DIANE NEWMAN )
                         )
        Plaintiffs,          )
                         ) Civil Action No.  05-1227
        vs.                 )
                         )
ELIZABETH FORWARD SCHOOL )
DISTRICT,                   )
                         )
        Defendant.        )

## MEMORANDUM OPINION AND ORDER

## I.      INTRODUCTION

This action was instituted by Plaintiffs, who are thirteen employees-teachers at Defendant

Elizabeth Forward School District (hereinafter "Defendant") to redress Defendant's alleged

violations of the Equal Pay Act of 1962 ("EPA"), 29 U.S.C. § 206(d); the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1); Title VII of the Civil Rights Act of 1964, as

amended ("Title VII"), 42 U.S.C. § 2000e-2(a)(1); and the Pennsylvania Human Relations Act

("PHRA"), 43 Pa. Stat. Ann. § 955 (2006).  Specifically, Plaintiffs, all older females, alleged that

Defendant pays them at rates less than it pays its younger and/or male teachers for equal work in

violation of the aforementioned statutes. The case was tried to a jury before this Court over the course of eleven days, including jury deliberations, between March 24, 2008 and April 8, 2008, resulting in a verdict in favor of the Plaintiffs and against the Defendant School District in the sum of $1,226,853.

The Court held oral argument on the post trial motions filed in this matter on May 15, 2008. One of the post trial motions still pending before this Court is Plaintiffs' Motion for Attorney's Fees and Expenses [182], in which Plaintiffs request this Court to award them attorneys' fees and expenses pursuant to 29 U.S.C. § 216(b) and § 626(b). Specifically, Plaintiffs seek an award of attorney's fees in the amount of $348,136.25 and costs of $20,277.33. Preliminarily, the Court notes that the total sum of $368,413.58 divided amongst thirteen Plaintiffs (approximately $28,339.00 each) in a case that has endured for almost three years does not appear to be excessive.

Defendant objects to the amount of attorney's fees and costs sought by Plaintiffs and argues that the total amount should be significantly reduced for the following reasons: (1) the hourly rates for Plaintiffs' attorneys are too high for Western Pennsylvania; (2) a number of individual billing entries are excessive, redundant, and/or otherwise unnecessary; (3) billing for non-attorney work performed by lawyers is unreasonable; (4) billing for redundant trial time; (5) Plaintiffs failed to explain with specificity the necessity and reasonableness of their costs; (6) Plaintiffs' motion contains improper items of fees and costs; and (7) Plaintiffs' Motion contains mistakes and/or entries not related to this case. (Docket No. 194).

## II. DISCUSSION

Plaintiffs, as prevailing parties, request this Court to award attorney's fees and expenses

pursuant to 29 U.S.C. § 216(b) and § 626(b). Under the ADEA, attorney's fees and costs are

authorized by § 16(b) of the Fair Standard Labors Act of 1938 ("FLSA"), 29 U.S.C. § 216(b), which

is incorporated by reference into the ADEA. *See* 29 U.S.C. § 626(b). Likewise, since the EPA is

part of the FLSA, attorney's fees are also governed by the same FLSA provision. *See* 29 U.S.C. §

206(d). Section 216(b) provides that the Court "shall, in addition to any judgment awarded to the

plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the

action." 29 U.S.C. § 216(b).

Recently, *Enright v. Springfield Sch. Dist.*, Civ. No. 04-1653, 2008 WL 696845, at *1

(E.D. Pa. Mar. 13, 2008), provided a detailed explanation of the Third Circuit standard

applicable to attorney fee requests:

> A prevailing party, however, is not automatically entitled to
> compensation for all the time its attorneys spent working the case.
> *Interfaith Community Organization v. Honeywell,* 426 F.3d 694, 711
> (3d Cir. 2005). The party seeking attorneys' fees has the burden to
> prove that its request is reasonable; to meet this burden, that party
> must submit evidence to support the hours and billing rates it claims.
> *Potence v. Hazleton Area School District,* 357 F.3d 366, 374 (3d Cir.
> 2004), citing *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.
> 1990). A reasonable hourly rate multiplied by a reasonable number of
> hours expended -the lodestar- is the presumptively reasonable fee.
> *Planned Parenthood v. Attorney General of State of New Jersey,* 297
> F.3d 253, 265, f.5 (3d Cir. 2002), citing *Hensley v. Eckerhart,* 461
> U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) and *Loughner v.
> University of Pittsburgh,* 260 F.3d 173, 177 (3d Cir. 1995). A
> reasonable rate is the prevailing market rate in the relevant
> community. *Id.* An attorney's usual billing rate is a good starting point
> for assessing reasonableness, though it is not dispositive. *Maldonado
> v. Houstoun,* 256 F.3d 181, 184-185 (3d Cir. 2001).
>
> It should be noted that a court may not reduce an award *sua sponte;*
> rather it can only do so in response to specific objections made by the
> opposing party. Once such objections have been registered, it is then

incumbent upon the court awarding fees to decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant or otherwise unnecessary. *Interfaith Community, supra.,* citing *PIRG,* 51 F.3d at 1188 and *Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 719 (3d Cir. 1989). Thus, "it is necessary that the Court go line by line through the billing records supporting the fee request." *Evans v. Port Authority of New York and New Jersey,* 273 F.3d 346, 362 (3d Cir. 2001).

*Enright*, 2008 WL 696845, at *1.

A.     **Plaintiffs' Attorneys' Hourly Rates**

In this case, Plaintiffs request counsel fees for nine attorneys and three paralegals for a total of $348,136.25. Plaintiffs request the following hourly rates for their attorneys and paralegals: $300 for Colleen Ramage Johnston; $175 for Nikki Velisaris Lykos; $385 for John W. Carroll, Jr.; $180 for Cami L. Davis; $345 for Alan Carlos Blanco; $290 for Robert A. Galanter; $180 for Debbie M. Lestitian; $255 for Craig Hinkle; $425 for Samuel J. Cordes; $110 for Judy Houy; $105 for Lisa. M. Alfonsi; and $105 for Charles J. Vrscak. Jr. (Docket No. 182 at 8-11). In support of the hourly rates requested, Plaintiffs submitted individual affidavits, as well as several affidavits from practicing attorneys in Western Pennsylvania, stating that the rates requested for all the above attorneys and paralegals are reasonable as compared to the rates charged by attorneys and paralegals with the same, skill, experience and reputation. (Docket Nos. 183-2,183-10, 183-14, 183-15).

The Defendant, however, objects generally to said hourly rates, arguing that the rates are too high and unreasonable. The Court notes that Defendant appears to only be contesting the rates for Plaintiffs' attorneys and not the rates for the paralegals involved in this case. (Docket No. 194 at 1-2). Moreover, Defendant only references the attorney rates for Ms. Johnston, Mr. Cordes and Mr.

4

Carroll.  *Id*.  Hence, the Court will only address the same.[1]

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputations.  *Blum v. Stanson*, 465 U.S. 886, 889 n.11 (1984).  "The plaintiff bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case.  Once the plaintiff has carried this burden, defendant may contest that prima facie case only with appropriate record evidence.  In the absence of such evidence, the plaintiff must be awarded attorney's fees at her requested rate." *Smith v. Philadelphia Housing Auth.*, 107 F.3d 223, 225 (3d Cir. 1997) (citing *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996)).

The Court finds that Ms. Johnston, Mr. Carroll, and Mr. Cordes are well respected and experienced trial attorneys.  Specifically, Ms. Johnston is a partner at the law firm Rothman Gordon, a leading firm in Western Pennsylvania.  (*See* Docket Nos. 183-2 and 183-14). Ms. Johnston specializes in employment matters, and has taken several successful verdicts. Ms. Johnston is a Fellow in the Academy of Trial Lawyers and serves on its Board of Govenors; a member of the Allegheny County Bar Association serving as an officer of the Labor and Employment section; and a member of the national and local chapters of the National Employment Lawyers Association (NELA), the American Bar Association, and the Pennsylvania Bar Association.  *Id*.  Likewise, Mr.

---

[1]

The Court notes that the rates requested for the various associates and paralegals that worked on this case are reasonable, properly supported by affidavits, and are within the range of comparable legal services within the community.  (*See* Docket Nos. 183-2, 183-3, 183-5, 183-6, 183-7, 183-8, 183-9).

5

Carroll is a shareholder and the head of the employment litigation section at Rothman Gordon. (Docket No. 183-4). Mr. Carroll has been practicing law for over thirty years, with an emphasis in employment law for over twenty years. *Id*. Mr. Carroll has successfully litigated employment cases in the federal courts of Pennsylvania, and argued cases before the United States Court of Appeals for the Third Circuit. *Id*. Mr. Cordes is also one of the leading employment lawyers in Western Pennsylvania, and is a partner at the law firm of Ogg, Cordes, Murphy & Ignelzi. Mr. Cordes has tried more than thirty employment and/or civil rights cases, twenty-three of them to a successful verdict, and has successfully litigated nineteen appeals in the United States Court of Appeals for the Third Circuit. (Docket Nos. 183-10 and 183-15). All three of these attorneys appear regularly in the Federal District Court in Western Pennsylvania.

Additionally, this case was complex in nature, asserted various theories, and involved thirteen Plaintiffs. The case was tried over two weeks and involved extensive pretrial preparation including motions, briefing, and argument. Moreover, the presentation at trial was efficient and more than competent.

The rates requested for the attorneys involved in this case are properly supported by affidavits and are within the range of currently prevailing market rates in this community for comparable legal services. While Defendant contends that the rates for Ms. Johnston, Mr. Cordes, and Mr. Carroll are unreasonable, Defendant fails to point out specific evidence in the record supporting its contention. Instead, Defendant merely cites to *Doe v. Wood*, 282 F. Supp. 2d 323, which the Court finds distinguishable from this case.

The Court finds the hourly rates requested by Ms. Johnston and Mr. Carroll to be reasonable in this case. However, the Court notes that the fees submitted by Plaintiffs for Mr. Cordes reflect billing entries for his work in this case from August 16, 2005 until December 12, 2005. Mr. Cordes informs the Court that he was "last awarded attorney fees at the rate of $350 per hour by the U.S. District Court for the Western District of Pennsylvania in *Ferczak v. Woodruff Family Services*, LLP, 2007 WL 951439 (W.D. Pa. 2007); and *Kreger v. Baldwin Borough*, 2006 WL 1158340 (W.D. Pa. 2006)." (Docket No. 183-10 at ¶ 10). Here, Plaintiffs request the rate of $425 an hour for Mr. Cordes. Plaintiffs fail to indicate to the Court when his rate changed. Interestingly, the Court understands that he "increased his rate in January 2008 to $425.00 an hour." (*See Lining v. Temporary Personnel Services, Inc, et al*, Civ. No. 07-1724 at Docket No. 22 at ¶ 25). The Court declines to retroactively apply Mr. Cordes' current rate to work performed in 2005 as the Court believes it is unreasonable to do so. Accordingly, this Court turns to what the Court perceives to be Mr. Cordes' rate in 2005 and awards the Plaintiffs his attorney fees at the rate of $350 an hour in this matter.

**B.    Excessive and Redundant Billing Hours**

The Defendant next objects to a number of the individual billing entries as excessive, redundant, and/or otherwise unnecessary. (Docket No. 194 at 2). The Court, after reviewing the billing entries line by line, determines that the billing rates and time allotments were reasonable with some exceptions.

First, Defendant takes issue with "numerous instances of billing for conferences and strategy meetings between Plaintiffs' attorneys." (Docket No. 194 at 3). While the Court acknowledges the

necessity of discussing legal issues and case strategies with several different counsel, the Court

nevertheless finds that certain conferences were excessive.  In particular, the Court finds that status

conferences between counsel and his or her paralegal are not chargeable under these circumstances.

Therefore, the Court deducts and/or decreases the following billing entries and corresponding billing

amounts from Plaintiffs' counsel fees:

- 2/21/2006 JWC PREPARATION FOR ARGUMENT for .60 hours for a total of $231.00 is reduced to .50 hours for a total of $192.50 due to the fact that Ms. Johnston billed for .50 for the same preparation;

- 3/23/2006, 4/4/2006, and 5/11/2006 entries for CRJ for CONFERENCE WITH LMA RE: STATUS, for a total of .90 hours totaling $270.00, are not chargeable;

- 6/22/2006 and 6/23/2006 entries for LMA CONFERENCE WITH COLLEEN, for a total of .40 hours totaling $42.00, are not chargeable;

- 7/12/2006 CRJ MEETING WITH LMA:RE ORGANIZATION OF DEFENDANT'S DISCOVERY RESPONSES, for .20 hours for a total of $60.00, is not chargeable;

- 2/9/2007 CRJ MEETING WITH JWC AND CLD RE: REVIEW OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, for .60 hours for a total of $180.00 is a double entry and is not chargeable;

- 3/7/2008 NLV REVIEW PLAINTIFFS' MOTIONS IN LIMINE, for .50 hours for a total of $87.50 is not chargeable as said entry is vague.  Moreover, as the documents were prepared by Plaintiffs' firm, one would think they were reviewed during the course of preparation.

Second, Defendant objects to the time and amount of fees billed by attorney Sam Cordes after

he withdrew from this matter. Specifically, Mr. Cordes filed a Motion to Withdraw as Counsel on

October 28, 2005, which the Court granted on October 31, 2005, thus terminating Mr. Cordes from

this case. (Docket No. 4 and 5).  First, Defendant argues that it should not have to pay for any legal

expenses he incurred after said dates.  (Docket No. 194 at 3-4).  Second, Defendant contends that

the work charged by Mr. Cordes is duplicative of the work performed and charged by Ms. Johnston. *Id*. Specifically, Defendant argues that "Mr. Cordes expended 31.00 hours in researching, preparing, reviewing, and discussing with Ms. Johnston Defendant's Motion to Dismiss. ... Ms. Johnston claims to have also expended time on researching and drafting a response to Defendant's Motion to Dismiss. (*See* Johnston time entries 12/07/2005 and 12/12/2005)." *Id*. Third, Defendant maintains that Mr. Cordes' entry on 11/28/2005 marked as "research" is not sufficiently documented and, therefore, should be deducted. *Id*.

Because the Court was also confused as to Mr. Cordes' continued involvement in this case after he was terminated, the Court inquired further into this matter. Ms. Johnston provided the following explanation to the Court:

> You are correct that Mr. Cordes performed some work on the case after he was terminated as counsel of record. The reason was that I was in trial on another matter and I asked him to assist me by preparing the plaintiffs' response to one of the District's motions on timeliness. There was nobody available at my firm to do this for me at that time, and given I had just left Mr. Cordes' firm the prior month, it was the most efficient for him to handle the preparation of the brief in my place. His time entries for Nov-Dec. 2005 are correct.

E-mail from Colleen Ramage Johnston, Attorney, to Rebecca Magyar, Law Clerk to Judge Nora Barry Fischer (May 21, 2008, 11:04 EST)(attached as Appendix 1).

As to the hours submitted by Mr. Cordes, the Court finds said attorney's fees reasonable considering Ms. Johnston's explanation of the circumstances surrounding his involvement in the case. However, after comparing Ms. Johnston's billing entries and Mr. Cordes' billing entries, the Court agrees with Defendant that certain entries by Ms. Johnston are duplicative and unnecessary due to the fact that she admits Mr. Cordes was researching and preparing said Motion. Thus, the

Court finds that the following entries are not chargeable and are therefore, to be deducted from the total amount of fees requested:

- 12/07/2005 CRJ RESEARCHED RE: DEFENDANT'S MOTION TO DISMISS, for .70 hours for a total of $210.00; and

- 12/12/2005 CRJ REVISED FINAL VERSION OF BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, for .70 hours for a total of $210.00.

In addition, the Court finds Defendant's argument as to Mr. Cordes' 3.4 hours of "research" on November 28, 2005 to be without merit as it is clear that said research dealt with the motion to dismiss he was preparing.

Third, Defendant contends that paying for Mr. Carroll's review and Ms. Johnston's review of this Court's Memorandum on Summary Judgment is duplicative. The Court agrees. Hence, Mr. Carroll's billing entry for said review on September 20, 2007 for .60 hours totaling $231.00 will be deducted from the total amount of fees submitted.

**C.    Non-Attorney Work Performed by Lawyers**

Defendant disputes the billing rate allocated to attorney Cami L. Davis for reviewing transcripts, then attending trial and reading said transcripts into evidence, arguing that her rate should be reduced from her attorney rate of $180 an hour to that of a paralegal for $105.00 an hour, as her role was not that of counsel as she prepared and read a transcript into evidence. The Court agrees and orders that the following billing entries be billed at a rate of $105.00 an hour instead of $180.00 an hour:

- 3/31/2008 CLD REVIEW TRANSCRIPT TO READ INTO EVIDENCE, for .40 hours totaling $72.00 is reduced to .40 hours totaling $42.00;

- 4/01/2008 CLD PREPARE FOR AND ATTEND TRIAL, for 4.5 hours totaling $810.00 is reduced to 4.5 hours totaling $472.50;

- 4/02/2008 CLD ATTEND TRIAL AND READ, for 3.0 hours totaling $540.00 is reduced to 3.0 hours totaling $315.00.

**D**.    **ECF Notifications**

Defendant has several objections to Plaintiffs' attorneys' billing entries pertaining to their viewing of ECF notifications received via email. (Docket No. 194 at 5).  First, Defendant points out that there are approximately eighty-three ECF billing entries, fourteen of which were merely ECF error notifications. *Id*.  Defendant contends that it should not have to pay for the viewing of said error messages.  *Id*.   The Court agrees and finds that the following entries are not properly chargeable, and therefore, Plaintiffs' request for attorneys' fees should be reduced accordingly.

- 12/22/2005 CRJ: Activity in case 2:05-cv-01227-TMH, Quality control message-No signature, for .10 hours for a total of $30.00 is not chargeable;

- 3/23/2006 CRJ: Activity in case 2:05-cv-01227-TMH, Errata, for .10 hours for a total of $30.00 is not chargeable;

- Both 3/05/2007 CRJ: RECEIVE and REVIEW Activity in case, Errata, for .10 hours each for a total of .20 hours and for a total of $60.00 is not chargeable;

- 3/6/2007 CRJ RECEIVE and REVIEW Activity in case, Errata, for .10 hours for a total of $30.00 is not chargeable;

- 3/15/2007 CRJ RECEIVE and REVIEW Activity in case, Quality Control message-Wrong event selected, for .10 hours for a total of $30.00 is not chargeable;

- 6/15/2007 CRJ RECEIVE and REVIEW Activity in case, Quality Control message-Wrong event selected, for .10 hours for a total of $30.00 is not chargeable;

- 6/26/2007 CRJ RECEIVE and REVIEW Activity in case, Quality Control message- No Signature, for .10 for a total of $30.00 is not chargeable;

- 6/26/2007 CRJ RECEIVE and REVIEW Activity in case, Errata, for .10 for a total of $30.00 is not chargeable;

- 6/27/2007 CRJ RECEIVE and REVIEW Activity in case, Quality Control message- Document incorrectly linked, for .10 for a total of $30.00 is not chargeable;

- 11/07/2007 CRJ RECEIVE and REVIEW Activity in case, Quality control message-Wrong event selected, for .20 hours at $60.00 is not chargeable;

- 11/07/2007 CRJ RECEIVE and REVIEW Activity in case, Quality control message-Document incorrectly linked, for .20 hours at $60.00 is not chargeable;

- 2/27/2008 CRJ RECEIVE and REVIEW Activity in case, Quality Control Message-wrong event selected, for .20 hours at $60.00 is not chargeable;

- 3/19/2008 CRJ RECEIVE and REVIEW Activity in case, Errata, for .20 hours for a total of $60.00 is not chargeable.

In addition, Defendant argues that it should not have to pay for the Plaintiffs' attorneys viewing of ECF notification email messages when said messages pertained to Plaintiffs' own filings as the Court believes counsel would have read their submissions prior to filing in preparation of same. (Docket No. 194 at 5). The Court agrees and finds the following entries to be excessive:

- Three entries on 10/22/2007 CRJ RECEIVE and REVIEW Activity in case, Motion to continue and Order on Motion to Continue, each for .10 for a total of $90.00 are not chargeable;

- 10/29/2007 CRJ RECEIVE and REVIEW Activity in case, Motion for leave to File, for .10 hours for a total of $30.00 is not chargeable;

Further, the Court finds the following entries excessive because they are appear to be "double" entries:

- 11/28/2005 CRJ Activity in case, Order on Motion to Extend Time, for .10 hours

for a total of $30.00 is not chargeable;

- 2/22/2007 CRJ RECEIVE and REVIEW Activity in Case, Order on motion for leave File, for .10 hours at $30.00 is not chargeable;

- 9/25/2007 CRJ RECEIVE and REVIEW Activity in case, Notice of Hearing, for .10 for a total of $30.00 is not chargeable;

- 10/29/2007 CRJ RECEIVE and REVIEW Activity in case, Set Deadlines, for .10 hours for a total of $30.00 is not chargeable;

- 11/07/2007 CRJ RECEIVE and REVIEW Activity in case, Order, for .20 hours at $60.00 is not chargeable;

- 3/14/2008 CRJ RECEIVE and REVIEW Activity in case, Proposed Verdict Form, for .20 hours at $60.00 is not chargeable;

- 3/14/2008 CRJ RECEIVE and REVIEW Activity in case, Proposed Voir Dire, for .20 hours at $60.00 is not chargeable;

- 3/21/2008 CRJ RECEIVE and REVIEW Activity in this case, Pretrial Memorandum, for .20 hours for a total of $60.00 is not chargeable;

- 4/22/2008 CRJ RECEIVE and REVIEW Activity in this case, Motion for Miscellaneous Relief, for .20 hours for a total of $60.00 is not chargeable.

Moreover, the Court finds that the following hours recorded by Plaintiffs' attorneys for exchanging voicemails, viewing ECF email notifications, and routine enclosure letters to be excessive. In the Court's estimation, billing .10 hours (i.e., six minutes) for the following billing entries and their correlating descriptions is more than sufficient.

- 1/16/2006 CRJ EXCHANGED VOICEMAIL WITH CLIENT, P.Defurio, for .20 hours is reduced to .10 hours for a total of $30.00 instead of $60.00;

- 1/16/2006 CRJ EXCHANGED VOICEMAIL WITH CLIENT, D.Sweich, for .20 hours is reduced to .10 hours for a total of $30.00 instead of $60.00;

- 3/24/2006 CRJ PREPARE LETTER TO EEOC ENCLOSING CHECK FOR COPY COSTS FOR FILE, for .20 hours is reduced to .10 hours for a total of

$30.00 instead of $60.00;

- 7/17/2006 CRJ PREPARE LETTER TO NANCY STANICH ENCLOSING DEPOSITION TRANSCRIPT, for .20 hours is reduced to .10 hours for a total of $30.00 instead of $60.00;

- 10/17/2006 CRJ RECEIVE AND REVIEW LETTER FROM JOHN SMART RE: CONSENT TO AMEND COMPLAINT TO ADD DIANE NEWMAN, for .20 hours is reduced to .10 hours for a total of $30.00 instead of $60.00;

- 10/25/2006 CRJ SEND EMAIL TO JOHN SMART RE: SCHEDULING CONFERENCE TO DISCUSS REMAINING DISCOVERY, for .20 hours is reduced to .10 hours for a total of $30.00 instead of $60.00;

- 1/30/2007 CRJ REVIEW DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR SJ IN EXCESS OF PAGE REQUIREMENT (DOC 46), for .20 hours is reduced to .10 hours for a total of $30.00 instead of $60.00;

- 1/31/2007 CRJ REVIEW ORDER GRANTING DEFENDANT'S MOTION TO EXCEED PAGE LIMITATION (DOC 47), for .20 hours is reduced to .10 hours for a total of $30.00 instead of $60.00;

- 10/26/2007 CRJ RECEIVE AND REVIEW Activity in case, Status conference, for .20 hours is reduced to .10 hours for a total of $30.00 instead of $60.00 (The Court reads this entry as receipt and review of Notice of Status conference.) ;

- 11/07/2007 CRJ RECEIVE and REVIEW Activity in case, Order, for .20 hours is reduced to .10 hours for a total of $30.00 instead of $60.00;

- 1/07/2008 CRJ RECEIVE and REVIEW Activity in case, Order, for .20 hours is reduced to .10 hours for a total of $30.00 instead of $60.00;

- 1/29/2008 CRJ RECEIVE and REVIEW Activity in case, Motion for Extension of Time to Complete Discovery, for .30 hours is reduced to .10 hours for a total of $30.00 instead of $90.00;

- 2/26/2008 CRJ RECEIVE and REVIEW Activity in case, Motion for Extension of Time to file, for .20 hours is reduced to .10 hours for a total of $30.00 instead of $60.00;

- 2/26/2008 CRJ RECEIVE and REVIEW Activity in case, Order on Motion for Extension of Time to file, for .20 hours is reduced to .10 hours for a total of

$30.00 instead of $60.00;

- 3/10/2008 CRJ RECEIVE and REVIEW Activity in case, Notice of Hearing, for .20 hours at $60.00 is reduced to .10 hours for a total of $ 30.00;

- 3/10/2008 CRJ RECEIVE and REVIEW Email from R. Magyar for .20 hours at $60.00 is reduced to .10 hours for a total of $ 30.00;

- 3/11/2008 CRJ RECEIVE and REVIEW Email from R. Magyar for .20 hours at $60.00 is reduced to .10 hours for a total of $ 30.00;

- 3/12/2008 CRJ RECEIVE and REVIEW Email from R. Magyar, Correction, for .20 hours at $60.00 is reduced to .10 hours for a total of $ 30.00;

- 3/14/2008 CRJ RECEIVE and REVIEW Activity in case, Stipulation, for .20 hours at $60.00 is reduced to .10 hours for a total of $ 30.00;

- 3/17/2008 CRJ RECEIVE and REVIEW Activity in case, Order, for .20 hours at $60.00 is reduced to .10 hours for a total of $ 30.00;

- 3/18/2008 CRJ RECEIVE and REVIEW Activity in case, Order on motion in limine, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

- 3/18/2008 CRJ RECEIVE and REVIEW Email from R. Magyar, Exhibits, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

- 3/19/2008 CRJ RECEIVE and REVIEW Activity in case, Order, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

- 3/20/2008 CRJ RECEIVE and REVIEW Email from J. Fischer, Memorandum of Law, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

- 3/24/2008 CRJ RECEIVE AND REVIEW EMAIL FROM R.MAGYAR RE: Clarification, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

- 4/17/2008 CRJ RECEIVE and REVIEW Activity in case, judgment, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

- 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Jury Verdict, for .20

hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

• 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Jury Trial-Completed, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

• 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Jury Verdict, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

• 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Jury Verdict, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

• 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Jury Verdict, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

• 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Jury Trial-Held, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

• 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Jury Verdict, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

• 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Jury Verdict, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

• 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Jury Verdict, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

• 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Jury Verdict, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

• 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Exhibit List, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

• 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Jury Verdict, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

• 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Jury Verdict, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

- 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Jury Verdict, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00;

- 4/08/2008 CRJ RECEIVE AND REVIEW Activity in case, Jury Verdict, for .20 hours for a total of $60.00 is reduced to .10 hours for a total of $ 30.00.

**E. Redundant Trial Time**

Defendant argues that the full billing of two attorneys, Ms. Johnston and Ms. Lykos, for each day during the trial is redundant and improper. (Docket No. 194 at 5-6). Specifically, Defendant highlights that "Ms. Lykos' role was limited to reading into the record questions posed at various depositions of Board members and handling exhibits on the elmo" and she did not participate in the questioning of any witnesses. *Id*. The Court disagrees and finds that two attorneys were necessary considering the complexity and number of plaintiffs involved in this trial. Additionally, it appeared that Ms. Lykos took notes and conferred with Ms. Johnston. Further, the Court notes that Defendant also had two attorneys and a paralegal present during the entire trial.

**F. Mistakes and/or Entries Not Related to This Case**

Defendant disputes paying for mistakes and/or entries unrelated to this case. (Docket No. 194 at 8). Specifically, Defendant questions the following entries:

> Plaintiffs' Motion contains entries where there is no time listed yet a charge has accrued as well as included time entered as "DO NOT BILL" and the Motion reflects a charge for this entry (See, entry dated 3-24-2008). In addition there are four entries with no time reflected yet charges in the amount of $4,200.00. (See, entries dated 4-04-2008 and 04-08-2008). On March 14, 2008, there is an entry where Ms. Johnston had charged $60.00 for drafting a letter to M. Munsch with attached original settlement agreements. Defendant submits that this entry is a mistake as clearly settlement was never entered in this matter.

(Docket No. 194 at 8). After reviewing the Supplement to Plaintiffs' Motion (Docket Nos. 214 and

214-2), the Court finds that the March 24, 2008 billing entry for CLD, specifically marked "Do Not Bill" has been removed. Hence, this billing entry is no longer is dispute. In addition, the Supplement to Plaintiffs' Motion clarifies the April 4, 2008 entries, which originally reflected 0.00 hours, now read as follows:

- 4/04/2008 CRJ CONFERENCE WITH COURT RE: FINAL, for .5 hours for a total of $150.00 (The Court reads this entry as the Court conference concerning final instructions);

- 4/04/2008 CRJ ATTEND TRIAL; STAY AVAILABLE DURING JURY DELIBERATIONS; HEAR & ANSWER JURY QUESTIONS, for 8.5 hours for a total of $2250.00;

- 4/04/2008 CRJ MEET WITH CLIENTS TO DISCUSS TRIAL, for .5 hours for a total of $150.00.

(Docket Nos. 214 and 214-2). However, the Court finds that the above entries are duplicative as there are three other entries for April 4, 2008 that are identical with the exception of one less hour recorded. Accordingly, the Court deducts the following entries from Plaintiffs' attorney's fees:

- 4/04/2008 CRJ CONFERENCE WITH COURT RE: FINAL, for .5 hours for a total of $150.00;

- 4/04/2008 CRJ ATTEND TRIAL; STAY AVAILABLE DURING JURY DELIBERATIONS; HEAR & ANSWER JURY QUESTIONS, for 7.5 hours for a total of $2250.00;

- 4/04/2008 CRJ MEET WITH CLIENTS TO DISCUSS TRIAL, for .5 hours for a total of $150.00.

Likewise, as to the April 8, 2008 entries, the Supplement to Plaintiffs' Motion clarified the hours for the following entries, which now read:

- 4/08/2008 CRJ MEET WITH CLIENTS TO DISCUSS POST-TRIAL PROCEDURE, for 1.00 hours for a total of $300.00; and

18

- • 4/08/2008 CRJ GO TO COURTHOUSE AND REMAIN AVAILABLE FOR JURY QUESTIONS; RECEIVE VERDICT, for 5.00 hours for a total of $1,500.00.

However, the Court also finds that the above entries are duplicative as there are two other entries for April 8, 2008 that are identical. Accordingly, the Court deducts the following entries from Plaintiffs' attorney's fees:

- • 4/08/2008 CRJ MEET WITH CLIENTS TO DISCUSS POST-TRIAL PROCEDURE, for 1.00 hours for a total of $300.00; and

- • 4/08/2008 CRJ GO TO COURTHOUSE AND REMAIN AVAILABLE FOR JURY QUESTIONS; RECEIVE VERDICT, for 5.00 hours for a total of $1,500.00.

Further, at oral argument before this Court, Ms. Johnston agreed to remove the March 14, 2008 entry as it does not pertain to this case. After reviewing the supplement to Plaintiff's Motion, specifically Exhibit 1 (Docket No. 214-2), the Court finds that said entry has been removed, hence this entry is no longer in dispute.

### G. Disputes as to Costs and Disbursements

Defendant disputes the "additional invoice for fees and costs submitted as Exhibit 17." (Docket No. 194 at 6). In particular, Defendant contends that the costs related to copy fees for $3.15 and unspecified research with the West Group for $353.54 are ambiguous and not properly recoverable.[2] The Court disagrees and awards said costs to Plaintiffs.

The Defendant also disputes the disbursement costs submitted by the Plaintiffs.

---

[2] The Court notes that the Defendant does not appear to be disputing the cost for the United States District Court filing fee of $250.00, which is included on the cost sheet submitted by Plaintiffs. Hence, as this cost is not disputed and because the Court finds the filing fee to be a reasonable cost, Defendant shall pay said cost to Plaintiffs, as well.

Specifically, Defendant contends that the billing entries that include "costs for copying, messenger services, overnight delivery, faxes, bulk postage, telephone, and record searches for LEXIS-NEXIS" are part of Plaintiffs' attorneys' overhead costs and thus, incorporated into the attorneys' billing rate per hour. (Docket No. 194 at 6). Defendant also clarifies that it does not dispute the April 23, 2008 disbursement entry for outside photocopies by Inventus totaling $6,546.20 as the parties agreed to share said cost. (Docket No. 194 at 6, n.1). However, Defendant requests a reduction in said costs because Plaintiffs' counsel has retained possession of the binders and tabs associated with these costs. *Id*. Considering the above arguments, Defendant then requests this Court to reduce the total amount for disbursements submitted by Plaintiffs for said costs from $19,670.64 to $7,044.18. (Docket No. 194 at 7). "This reduced amount provides for payment of witness fees, travel for Ms. Johnston, court reporting fees, as well as the $6,546.20 Inventus photocopy charge." *Id*.

The Court disagrees and finds that the disbursements submitted by Plaintiffs are reasonable and necessary. Accordingly, as to the disbursement costs requested by Plaintiffs, the Court finds that Defendant shall pay Plaintiffs $19,670.64.[3] In addition, Defendant shall pay Plaintiffs the costs, as discussed in the Court's opinion above for $606.69. These costs include the following: Copies for $3.15, United States Filing Fee of $250.00, and West Group research for $353.54. In sum, for costs and disbursements, Defendant shall pay Plaintiffs a total of $20,277.33.

_____

[3]

The Court notes that it did not incorporate the fact that Plaintiffs' counsel has possession of the left over binders and tabs from the exhibit binders as the Court does not have that cost to consider. Further, Ms. Johnston informed the Court that, at the end of trial, she offered Defendant half of the binders and tabs, and Defendant declined.

## H.    Improper Items of Costs and Fees

Defendant disputes the Plaintiffs' submitted invoices for travel billed at $300.00 an hour, arguing that it is unreasonable to award Attorney Johnston said rate for unproductive time.  (Docket No. 194 at 7). The Court agrees and finds that it is more reasonable for Ms. Johnston to charge $150.00 for travel as she cannot act as an attorney and drive at the same time.  Accordingly, the Court  makes the following reductions in Plaintiffs' attorney's billing entries:

- 7/27/2006 CRJ TRAVEL TO/FROM JOHN SMART'S OFFICE is reduced from .60 hours for a total of $180.00 to .60 hours for a total of $90.00;

- 7/28/2006 CRJ TRAVEL TO/FROM DEPOSITIONS is reduced from .60 hours for a total of $180.00 to .60 hours for a total of $90.00;

- 12/14/2006 CRJ TRAVEL TO AND FROM DEPOSITION OF CAROLYN TAYLOR is reduced from 1.50 hours for a total of $450.00 to 1.50 hours for a total of $225.00;

- 12/18/2006 CRJ TRAVEL TO/FROM EFSD ADMINISTRATIVE OFFICES TO CONDUCT DEPOSITIONS is reduced from 1.50 hours for a total of $450.00 to 1.50 hours for a total of $225.00;

- 1/04/2007 CRJ TRAVEL TO/FROM DEPOSITIONS AT ADMINISTRATIVE BUILDING is reduced from 1.50 hours for a total of $450.00 to 1.50 hours for a total of $225.00;

- 1/15/2007 CRJ TRAVEL TO/FROM DEPOSITIONS is reduced from 1.50 hours for a total of $450.00 to 1.50 hours for a total of $225.00;

- 2/25/2008 CRJ TRAVEL TO/FROM DEPOSITIONS OF SUPERINTENDENT AND PLAINTIFFS is reduced from 1.50 hours for a total of $450.00 to 1.5 hours for a total of $225.00.

Further, the Court finds the following entries are unreasonable as copying and "sorting through trial notes" are administrative tasks and reduces and deducts accordingly:

- 3/31/2008 NVL COPY SECTIONS OF DEPOSITION TESTIMONY THAT

WILL BE READ IN AND EMAIL OPPOSING COUNSEL RE SAME for 1.00 hours for a total of $175 is reduced to .50 hours for a total of $87.50;

• 4/17/2008 NVL SORT THROUGH TRIAL NOTES AND MATERIALS AND ORGANIZE FILE, for 1.20 hours for a total of $210.00 is not chargeable.

Defendant also initially contended that Plaintiffs have improperly billed 19.7 hours for drafting Plaintiffs' Motion and Brief for Summary Judgment because said Motion was never filed with the Court. (Docket No. 194 at 7). Defendant further points outs that Plaintiffs failed to file said Motion by the filing deadline, sought leave of court to file, and were subsequently denied such leave. (Docket No. 194 at 7). The Court declines to consider Defendant's objection as it has now been withdrawn. (*See* Docket No. 217).

## III.   CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiffs' Motion for attorney's Fees and Expenses [182] and ORDERS that the Defendant pay the Plaintiffs and/or their counsel as follows:

For Colleen Ramage Johnston, $231,330.00 for 771.1 hours of attorney time at the rate of $300 and $1,305.00 for 8.7 hours of travel time at the rate of $150.00 an hour, for a total of $232,635.00;

For Nikki Velisaris Lykos, $68,983.25 for 394.19 hours of attorney time at the rate of $175;

For James W. Carroll, $423.50 for 1.1 hours of attorney time at the rate of $385;

For Cami L. Davis, $1,638.00 for 9.1 hours of attorney time at the rate of $180 and $829.50 for 7.9 hours at the rate of $105, for a total of $2467.50;

For Alan Carlos Blanco, $931.50 for 2.7 hours of attorney time at the rate of $345;

For Robert A. Galanter, $493.00 for 1.7 hours of attorney time at the rate of $290;

For Debbie M. Lestitian, $504.00 for 2.8 hours at the rate of $180;

For Craig Hinkle, $5,737.50 for 22.5 hours of attorney time at the rate of $255.

For Samuel J. Cordes, $10,850.00 for 31 hours of attorney time at the rate $350;

For Judy Houy, $110.00 for 1 hour of paralegal time at the rate of $110;

For Charles J. Vrscak, Jr., $10,899.00 for 103.8 hours of paralegal time at the rate $105; and

For Lisa M. Alfonsi, $1533.00 for 14.6 hours of paralegal time at the rate of $105.

In addition, the Court ORDERS Defendant to pay Plaintiffs' costs and disbursements totaling $20,277.33.

It is further ORDERED that Plaintiffs may submit a supplemental Motion for Attorney's Fees and Expenses in connection with legal work performed after the filing of Plaintiffs' initial submission of Attorney's Fees and Expenses on April 29, 2008.  Said supplemental motion shall be filed on or before June 30, 2008.


                                        BY THE COURT:

                                        s/ Nora Barry Fischer
                                        Nora Barry Fischer
                                        United States District Judge


dated:          June 19, 2008

cc:             All counsel of record